IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | |
|---|---|
| TIMMY T. HARRIS | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 1:06-CV-11-F |
| | (WO) |
| W. STANLEY GARNER, JR. | * |
| Defendant. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Dale County Jail. Disgruntled by actions taken by his former court-appointed counsel, he filed this 42 U.S.C. § 1983 action against him seeking a "declaratory judgment of $100,000.00" and $20,000.00 in damages for mental anguish. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff seeks to challenge the actions of his former court-appointed counsel by essentially alleging that he provided ineffective assistance during Plaintiff's criminal

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

proceedings on a misdemeanor charge.[2] Plaintiff maintains that Defendant Garner uncovered personal information about him in order to avoid providing him with legal representation. The claims presented by Plaintiff against his former court-appointed attorney provide no basis for relief in the instant cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Accordingly, Plaintiff's complaint against Defendant Garner is due to be dismissed under § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[2] Defendant Garner is no longer representing Plaintiff. His motion to withdraw as Plaintiff's court-appointed counsel was granted by court order dated December 22, 2005. (Doc. No. 1, Exh. 7.)

Recommendation on or before **January 25, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE